RENDERED: JANUARY 14, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0703-ME

RODNEY CROUCH        APPELLANT

APPEAL FROM BATH CIRCUIT COURT
v.     HONORABLE DAVID D. FLATT, SPECIAL JUDGE
ACTION NO. 13-CI-00118

PATRICIA MCCLURE        APPELLEE

OPINION
AFFIRMING IN PART, VACATING IN PART,
AND REMANDING

\*\* \*\* \*\* \*\* \*\*

BEFORE: CLAYTON, CHIEF JUDGE; ACREE AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Rodney Crouch brings this appeal from an April 29, 2019,

Findings of Fact and Order and an April 24, 2020, Order of the Bath Circuit Court

awarding joint custody of the parties' minor child, designating Patricia as the

primary residential parent, awarding Rodney timesharing, and awarding Patricia

child support. We affirm in part, vacate in part, and remand.

Rodney Crouch and Patricia McClure were never married but had a son in early 2004. Rodney and Patricia cohabitated until the fall of 2010, when Rodney moved out of Patricia's home. The parties initially agreed upon a timesharing arrangement for their son, but soon thereafter an order of the court became necessary. By order entered June 1, 2011, in the Bath District Court (Action No. 10-C-00274), the parties were awarded joint custody of their son. Rodney was designated the primary residential parent, and Patricia was granted timesharing. The matter was appealed to the Bath Circuit Court (Action No. 11-XX-00004), which affirmed the district court's decision.

On July 23, 2013, Patricia initiated the action underlying this appeal in the Bath Circuit Court (Action No. 13-CI-00118). Issues of custody, timesharing, and child support were contested. By order entered November 25, 2014, Patricia was awarded temporary sole custody of the parties' son, and Rodney was granted standard guideline timesharing. During the summer of 2015, the parties began alternating weeks with the child. Then, by Findings of Fact, Conclusions of Law and Judgment of Custody entered September 16, 2015, Patricia and Rodney were awarded joint custody. Patricia was designated as the primary residential parent, and Rodney was awarded standard guideline timesharing. The matter was again before the court on Rodney's *pro se* Motion for Visitation Review. By order entered July 11, 2016, the court ordered the parties

-2-

"to split time a week about for the duration of the 2016 summer." July 11, 2016, Order at 1.

Relevant to this appeal, on February 28, 2018, Rodney filed a motion for an emergency custody order, a motion for contempt, a motion to modify child support, and a motion for the circuit judge to recuse. Rodney subsequently filed another motion for recusal, and by order entered September 6, 2018, the circuit court noted on the docket sheet that "any orders [entered] after 12/27/17 are vacated status quo with 50-50 timeshare till hearing before special judge[.]" In other words, equal timesharing was ordered until a hearing could be conducted. The circuit judge also recused.

A special judge was subsequently appointed. By order entered November 26, 2018, the special judge granted Rodney's motion for continuance of the pending evidentiary hearing and it was rescheduled for March 28, 2019. The November 26, 2018, order also granted the parties joint custody, designated Patricia as the primary residential parent, and awarded Rodney standard guideline timesharing.

Following the March 28, 2019, evidentiary hearing, by Findings of Fact and Order entered April 29, 2019, the circuit court rendered findings of fact and conclusions of law as follows:

> 2. [Patricia] and [Rodney] have an order awarding them the joint custody of their child, with

-3-

[Patricia] having the primary residential care of the child. For a time period of August 2018 through November 2018, the parties had temporary equal timesharing, which was in place until the time a hearing could be held by a Special Judge.

. . . .

10. The parties currently have an order of joint custody. The Court finds the presumption of equal (50/50) timesharing is in the best interest of a child, unless that presumption can be overcome. The Court, after considering the testimony, the report filed by the Friend of the Court, and review of the record; which is replete with filings of the parties; FINDS that the parties have demonstrated an inability to co-parent and that a 50/50, equal timesharing is not in the best interest of the parties' minor child. . . .

11. The Court FINDS that, during the school year, it is in the best interest of the child to remain in the mother's home, the majority of the time. This is in an effort to reduce the stress on the minor child during the school year. This timesharing modification is not being done because the Court feels that the child is in any danger with the father. If the Court was to this belief, the timesharing would be eliminated or at least severely curtailed.

. . . .

The Court **ORDERS** as follows:

1. The parties shall share the joint custody of their minor child . . . born January 5th, 2004. [Rodney] shall have timesharing with the minor child every Tuesday from 6:00 P.M. until the time the child's school resumes on Wednesday, on Thursday of each week that he is not entitled to a weekend visit, from 6:00 P.M. till 9:00 P.M.

and on alternating weekends from Friday at 6:00 P.M. till Sunday at 6:00 P.M. Holidays will be per the 37th Judicial Circuit Timesharing Guidelines. Summers will be alternating weeks, with the exchange to occur on Sunday at 6:00 P.M. . . .

. . . .

8. The March social security benefit for the child shall be written over to [Patricia], immediately, and all future sums received on behalf of the minor child should be paid over to [Patricia]. If this is not done in a timely manner for the Social Security Administration, and the benefit is paid into [Rodney's] account, he shall immediately write [Patricia] a check for the whole amount. The child support should remain at $166.00 per month, the monthly benefit paid over to [Patricia] exceeds that amount, therefore, there will be no additional child support ordered.[1]

9. The [Veterans Administration] VA benefit of the child is held in abeyance until the authorization has been signed and more discovery has been completed.

April 29, 2019, Findings of Fact and Order at 1, 3-7.

Rodney filed a notice of appeal (Appeal No. 2019-CA-000839-ME) from the April 29, 2019, Findings of Fact and Order. The April 29, 2019, Findings of Fact and Order resolved issues of child custody and timesharing but did not completely resolve the child support issue. More particularly, it did not address the

---

[1] Neither party has appealed any issue related to the monthly social security disability benefit that is paid directly to Rodney Crouch or the portion that is paid to Patricia McClure for the benefit of the minor child.

additional amount of the Veterans Administration (VA) disability benefit paid to Rodney for the benefit of the minor child. The April 29, 2019, Findings of Fact and Order also lacked Kentucky Rules of Civil Procedure (CR) 54.02 language. As a result, this Court entered a show cause order regarding why the appeal should not be dismissed for failure to appeal from a final and appealable order. By order entered October 21, 2019, this Court dismissed Appeal No. 2019-CA-000839-ME as taken from a nonfinal order.

The circuit court subsequently addressed the VA disability benefit and the social security lump-sum back payment for the dependent child by Order entered April 24, 2020. Therein, the circuit court ordered Rodney to pay child support of $332 to Patricia and directed that the child support be paid from the VA disability benefit received by Rodney. The circuit court also ordered Rodney to pay Patricia, for the benefit of the minor child, one-half of the social security lump-sum back payment he had received as a dependent benefit for the child. Rodney filed a notice of appeal (Appeal No. 2020-CA-0703-ME) from the April 29, 2019, Findings of Fact and Order and the April 24, 2020, Order. This appeal follows.

Rodney initially contends the circuit court erred by modifying the parties' timesharing without an evidentiary hearing and without notice to him. More particularly, Rodney asserts the special judge erred by "unilaterally changing

the existing time-sharing arrangement by entry of an Ex Parte Order on or about November 26th, 2018." Rodney's Brief at 13.

In the November 26, 2018, order, the circuit court ordered the parties to share temporary joint custody, designated Patricia as the primary residential parent, and awarded Rodney standard guideline visitation. Thereafter, the circuit court conducted an evidentiary hearing. By Findings of Fact and Order entered on April 29, 2019, the circuit court awarded the parties joint custody. The parties' son would reside primarily with Patricia, and Rodney would exercise standard guideline visitation. During the summer months, the parties would have timesharing on alternating weeks.

It is clear that the November 26, 2018, order was temporary and was completely supplanted by the subsequently entered April 29, 2019, Findings of Fact and Order. Even if we were to accept Rodney's argument that the November 26, 2018, order was an improper *ex parte* order, we are unable to afford any relief as the November 26, 2018, order is no longer in effect as it was supplanted by the final custody order entered on April 29, 2019. So, this issue is moot as a ruling in Rodney's favor would have no practical legal effect. *See Morgan v. Getter*, 441 S.W.3d 94, 98-99 (Ky. 2014). Thus, we reject Rodney's contention of error regarding the November 26, 2018, order.

-7-

Rodney next asserts the circuit court erred in failing to apply the

statutory presumption of equal time sharing pursuant to Kentucky Revised Statute

(KRS) 403.270(2).  KRS 403.270(2) provides, in relevant part:

> (2) The court shall determine custody in accordance with
> the best interests of the child and equal consideration
> shall be given to each parent and to any de facto
> custodian.  Subject to KRS 403.315, there shall be a
> presumption, rebuttable by a preponderance of evidence,
> that joint custody and equally shared parenting time is in
> the best interest of the child.  If a deviation from equal
> parenting time is warranted, the court shall construct a
> parenting time schedule which maximizes the time each
> parent or de facto custodian has with the child and is
> consistent with ensuring the child's welfare.  The court
> shall consider all relevant factors including:
>
> (a) The wishes of the child's parent or parents, and any
> de facto custodian, as to his or her custody;
>
> (b) The wishes of the child as to his or her custodian,
> with due consideration given to the influence a parent
> or de facto custodian may have over the child's
> wishes;
>
> (c) The interaction and interrelationship of the child with
> his or her parent or parents, his or her siblings, and
> any other person who may significantly affect the
> child's best interests;
>
> (d) The motivation of the adults participating in the
> custody proceeding;
>
> (e) The child's adjustment and continuing proximity to
> his or her home, school, and community; [and]
>
> (f) The mental and physical health of all individuals
> involved[.]

In sum, KRS 403.270(2) provides a rebuttable presumption that equal parenting time or equal timesharing is in the child's best interests. And, where a trial court has given full consideration to each party's position regarding equal timesharing, the success on appeal is substantially limited. 16 Louise E. Graham & James E. Keller, *Kentucky Practice - Domestic Relations Law*, § 21:11 (2021).

In this case, during approximately eight years of litigation, the parties exercised myriad timesharing arrangements. Initially, Rodney served as the primary residential parent, and thereafter, Patricia served as the primary residential parent. The parties also operated under an equal timesharing arrangement where neither parent served as primary residential parent. Following the evidentiary hearing on March 28, 2019, the circuit court made specific findings of fact and conclusions of law based upon the testimony presented, the friend of the court's report, and the extensive record. The court also recognized that the parties had clearly demonstrated an inability to co-parent. Ultimately, the circuit court concluded that Rodney and Patricia would be unable to co-parent and that equal timesharing was not in the best interests of the minor child.

Upon review of the April 29, 2019, Order, we conclude the circuit court properly considered the statutory presumption set forth in KRS 403.270(2). After such consideration, the circuit court determined that equal timesharing was not in the child's best interests and made specific findings of fact and conclusions

of law in support thereof. Therefore, we cannot say that the circuit court's findings of fact were clearly erroneous or that the circuit court erred in regard to the statutory presumption of equal timesharing set forth in KRS 403.270(2).

Rodney further contends the circuit court committed reversible error by awarding Patricia $332 per month in child support and ordering that it be paid from the monthly VA disability benefit Rodney receives for the benefit of the minor child. Rodney believes the circuit court is precluded from allocating or otherwise dividing the VA disability benefit and cites to 38 United States Code (U.S.C.) § 5301(a)(1) as support. Rodney also claims the circuit court erred by ordering that the social security disability lump-sum back payment be divided equally with Patricia for the benefit of the minor child. We will address these issues *seriatim*.

It is well-established that a circuit court possesses wide discretion in deciding matters of child support. *C.D.G. v. N.J.S.*, 469 S.W.3d 413, 418 (Ky. 2015) (citing *Artrip v. Noe*, 311 S.W.3d 229, 232 (Ky. 2010)). And, the circuit court's "authority is broad, limited only by the requirements that the discretion be exercised reasonably and in conformity with any applicable statutory limits." *Id.* at 419.

In the April 24, 2020, Order, the circuit court addressed the child support issue, the VA disability benefit, and the lump-sum social security disability backpay as follows:

1. [Patricia] and [Rodney] are the parents of one minor child, who currently resides primarily with [Patricia]. [Rodney] has timesharing with the minor child.

2. [Rodney] is disabled and receives both social security disability and a veteran's benefit. [Rodney], at the time he was awarded social security disability, received a lump sum for backpay for the minor child. In addition, he has been receiving a monthly benefit for the child.

3. [Rodney's] veteran's benefit is not separate, but is increased by $332.00 [per month] because he has a dependent child.

4. The Court has previously entered orders requiring [Rodney] to pay to [Patricia] the monthly benefit received from the Social Security Administration, as well as awarding future monthly dependent benefits to [Patricia] on behalf of the minor child.

5. The benefit received by [Rodney] from the Veteran's Administration which is received for the dependency of his minor child should be awarded to [Patricia] as monthly child support.

6. The lump sum payment, which was received by [Rodney] on behalf of the minor child should be divided between the parties in equal proportions.

Based on the foregoing findings of fact, the Court enters the following ORDERS:

-11-

1. [Patricia] should have one half of the lump sum amount received by [Rodney] from the Social Security Administration for the dependent benefit of the parties' minor child.

2. [Patricia] should have the monthly benefit for the dependent benefit of the minor child each month.

3. [Rodney] should pay to [Patricia] the sum of $332.00 from the Veteran's Administration for the benefit of the minor child.

April 24, 2020, Order at 1-2.

From a review of the record, it appears that Rodney receives one check for his VA disability benefit that includes an additional $332 per month because he has a minor child. No disability benefit is paid directly to the child. What is unclear from a review of the record is exactly how the circuit court determined that the amount of child support owed by Rodney was $332 per month. We are uncertain whether the circuit court merely ordered that the additional $332 in VA disability benefits Rodney receives for the benefit of the minor child was payable as child support without calculating the actual amount of child support owing under the child support guidelines or whether the $332 in child support was arrived at after performing a calculation under the child support guidelines. The distinction is pivotal.

Child support is determined pursuant to KRS 403.211 and 403.212 by application of the child support guidelines to both "parents' combined, adjusted

-12-

gross incomes." *Commonwealth, Cabinet for Health and Fam. Servs. v. Ivy*, 353 S.W.3d 324, 328 (Ky. 2011). And, since enactment of the child support guidelines, there exists "a more exact mathematical calculation, which is computed on a worksheet utilizing statutory guidelines which serve as a rebuttable presumption for making the award." Richard A. Revell, Diana L. Skaggs, Michelle Eisenmenger Mapes, *Kentucky Divorce* § 11:3 (2020). And, KRS 403.211(15) plainly provides that "[a] payment of money received by a child as a result of a parental disability shall be credited against the child support obligation of the parent [and, such] . . . payment shall not be counted as income to either parent when calculating child support . . . ." The VA disability benefit at issue of $332 is not paid directly to the child; rather, it is paid to Rodney. Therefore, the VA disability benefit paid directly to Rodney for the benefit of the child should be included in Rodney's gross income for calculating child support and would not be credited against Rodney's child support obligation. *See* KRS 403.212(2)(b).

As we are unable to determine whether the circuit court properly calculated child support in accordance with the child support guidelines, we must vacate the circuit court's order requiring Rodney to pay child support of $332 from the VA disability benefit he receives for the benefit of the child. Upon remand, the circuit court shall recalculate the amount of Rodney's child support obligation and shall consider the combined monthly adjusted gross incomes of the parties. *See*

KRS 403.212(7). The circuit court must keep in mind that pursuant to KRS 403.212(2)(b) gross income "includes income from any source," which encompasses social security disability benefits paid directly to Rodney or VA disability benefits paid directly to Rodney.[2] Thereafter, the circuit court shall determine the amount of child support Rodney owes to Patricia in accordance with the statutory guidelines set forth in KRS 403.212.

Rodney next asserts that any allocation or division of the VA disability benefit is precluded by 38 U.S.C. § 5301(a)(1). We view this assertion as moot as we have vacated the child support award and remand for a proper calculation of child support, which does not allocate or divide the VA disability benefit received by Rodney.

Rodney finally asserts the circuit court erred by ordering that one-half of the social security disability lump-sum back payment that he received as a dependent benefit on behalf of the child be paid to Patricia. More particularly, Rodney contends that such order violated 42 U.S.C. § 407.

42 U.S.C. § 407 is known as the social security anti-attachment provision and it provides as follows:

---

[2] The law is clear that social security disability benefits paid for the benefit of the child, due to Rodney's disability, are not treated as income to either party. Rather, Rodney, as the disabled parent, shall receive a credit in that amount toward his monthly child support obligation. Kentucky Revised Statutes 403.211(15). *See Miller v. Miller*, 929 S.W.2d 202, 204 (Ky. App. 1996); 16 *Kentucky Practice - Domestic Relations Law* § 24:13 (2021).

-14-

> The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

Kentucky's highest court has held that in accordance with the United States Supreme Court's holdings on this issue, 42 U.S.C. § 407 "does not shield a person's social security payments, once made." *C.D.G.*, 469 S.W.3d at 422.[3] The Court in *C.D.G.* also pointed out that this provision was largely intended to prevent "the Social Security Administration from becoming a collections agency and to prevent the depletion of a person's whole means of subsistence." *Id.* at 422 (citations omitted). Therefore, 42 U.S.C. § 407 does not prohibit the circuit court from ordering Rodney to pay one-half of the social security disability lump-sum back payment to Patricia for dependent benefit he received for the child. This back payment for the dependent benefit covered a period of time that Patricia was the primary residential parent except for one brief period. Rodney failed to inform Patricia that he was awarded social security disability benefits, including the award

---

[3] In *C.D.G. v. N.J.S.*, 469 S.W.3d 413, 422 (Ky. 2015), the court addressed the recoupment of a father's child support payments in the form of a credit against future child support where the mother had received a lump-sum back payment for dependent benefits based on the father's social security disability benefit award. However, in our case, the father received and spent the social security dependent lump-sum back payment without any benefit being received by the child. We believe the court's rationale in *C.D.G.* for awarding a credit for future child support payments is equally applicable to this case in dividing the social security lump-sum back payment for the dependent benefit between the parties. *See id.*

of backpay for the dependent benefit.  Rather, he took the money and paid personal bills.

The circuit court has broad discretion inherent under the law in deciding matters of child support, and such discretion is only limited by the requirement that it be exercised reasonably and in conformity with any applicable statutory limits.  *See C.D.G.*, 469 S.W.3d at 420-22.  Upon the whole, we cannot say the circuit court abused its discretion by ordering Rodney to pay Patricia one-half of the social security disability lump-sum back payment he received as a dependent benefit for the parties' child.

For the foregoing reasons, the orders entered April 29, 2019, and April 24, 2020, by the Bath Circuit Court are affirmed in part, vacated in part, and remanded for proceedings consistent with this Opinion.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Robert W. Miller
Grayson, Kentucky

BRIEF FOR APPELLEE:

MaLenda S. Haynes
Grayson, Kentucky